UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD M. KIPPERMAN, CHAPTER 7 TRUSTEE FOR THE ESTATE OF CHELSEA BISHAR CASE NO. 15-08156-LTZ; CHELSEA BISHAR,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INDEMNITY COMPANY; ALLSTATE INSURANCE COMPANY; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 16cv1247 JM (WVG)<br><br>**ORDER DENYING NONPARTY ATTORNEY'S MOTION FOR DETERMINATION OF LIEN ENTITLEMENT** |

On March 16, 2017, nonparty John T. Richards, the attorney for Plaintiffs Richard M. Kipperman, Chapter 7 Trustee for the Estate of Chelsea Bishar and Chelsea Bishar, moved the court for an order determining the propriety of a fee lien asserted by another nonparty, Plaintiffs' former attorney Su Barry. (Doc. No. 14.) The court finds the matter appropriate for decision without oral argument pursuant to Local Rule 7.1(d)(1) and for the following reasons denies Richards's motion, without prejudice, for lack of subject matter jurisdiction.

///

# DISCUSSION

Richards argues that the court has supplemental jurisdiction over his claim, a purely state law issue, under 28 U.S.C. § 1367. In support, Richards cites, among other out-of-circuit cases, Boykin v. McCoy, 384 F. App'x 579 (9th Cir. 2010), an unpublished decision in which the Ninth Circuit stated that fee disputes "arising from litigation pending before a district court" may "fall within that court's ancillary jurisdiction." Id. at 581. In that case, the fee dispute involved a party to the action, "was closely related to the court's ability either to render an efficacious judgment or to control the litigation before it," and was "an impediment to settlement of the individual claims." Id. (internal citation omitted).

In this case, by contrast, the parties to the action have "resolved this matter in its entirety." (See Doc. No. 20.) "[T]he settlement agreement between the parties has been executed and any terms that required action prior to dismissal have been satisfied." (Id.) All that remains is "a lien asserted in the underlying bankruptcy action" between two nonparties. (Id.) Given this posture, nonparty Richards's claim against nonparty Barry falls far short of being "so related to claims in the action within [the court's] original jurisdiction that [it] form[s] part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).[1] Consequently, the court does not have jurisdiction over the claim, and "[w]ithout jurisdiction the court cannot proceed at all . . . ." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998).

///
///
///

---

[1] Even if subsection (a) were satisfied, the court would decline to exercise supplemental jurisdiction under subsection (c) because Richards's claim against Barry not only predominates over the claims properly before the court, but is actually the only claim left before the court. See 28 U.S.C. § 1367(c)(2)–(4).

## CONCLUSION

For the foregoing reasons, the court denies Richards's motion, without prejudice, for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED: April 26, 2017

JEFFREY T. MILLER
United States District Judge